UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHERIF S. ABDEL HAMED MOHAMED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1564-SPM |
| | ) | |
| LEON RODRIGUEZ, in his official capacity | ) | |
| as Director of U.S. Citizenship and | ) | |
| Immigration Services ("USCIS"); DAVID | ) | |
| DOUGLAS, in his official capacity as | ) | |
| District Director of the Kansas City District | ) | |
| Office, USCIS; CHESTER MOYER, in his | ) | |
| official capacity as Officer in Charge of the | ) | |
| St. Louis, Missouri Sub-office, USCIS; | ) | |
| LORETTA LYNCH, in her official capacity | ) | |
| as Attorney General of the United States, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Unopposed Motion to Dismiss Due to Mootness. (Doc. 5). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 4). For the following reasons, the motion will be granted and the case will be dismissed.

### I.  BACKGROUND

On April 11, 2014, Plaintiff Sherif S. Abdel Hamed Mohamed and his U.S. citizen wife jointly filed with U.S. Citizenship and Immigration Services ("USCIS") an I-751 Petition to Remove Conditions on Residence. As of October 4, 2015, Defendants had not yet approved or denied the Petition. On that date, Plaintiff filed a Complaint in this Court, asserting that Defendants had engaged in unreasonable delay in violation of the Administrative Procedures Act ("APA"), 5

U.S.C. § 706(1), and had failed to perform a mandatory duty to adjudicate the I-751 Petition, 28 U.S.C. § 1361. (Doc. 1). Plaintiff requested that this Court compel Defendants to adjudicate the I-751 Petition.

On December 8, 2016, Defendants filed the instant motion to dismiss this case for lack of subject matter jurisdiction. Defendants included with their motion evidence that on December 7, 2016, USCIS denied Plaintiff's I-751 Petition. They argue that because Plaintiff's I-751 Petition has now been adjudicated, they have provided the relief Plaintiff requested in his Complaint, and his claims are now moot. Defendants further state that Plaintiff does not oppose the motion.

## II.    STANDARD OF REVIEW

Defendants move to dismiss this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge based on the face of the pleadings, or a "factual" challenge, in which the court considers matters outside the pleadings. *See Osborn v. United State*s, 918 F.2d 724, 729, n. 6 (8th Cir. 1990); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). Defendants here present a factual challenge, so the Court will consider the evidence outside the pleadings that Defendants have submitted.

## III.    DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered

moot." *Id.* (quoting *Haden*, 212 F.3d at 469)). "If an issue is moot in the Article III sense, [the court] ha[s] no discretion and must dismiss the action for lack of jurisdiction." *Id.*

The undisputed evidence submitted by Defendants establishes that this case no longer involves an ongoing case or controversy. The relief Plaintiff requested in this lawsuit was on order compelling Defendants to adjudicate his I-751 Petition, and Defendant has now adjudicated Plaintiff's I-751 Petition. Thus, the Court can no longer grant effective relief, the issues presented in the Complaint are now moot, and the Court has no subject matter jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Unopposed Motion to Dismiss Due to Mootness. (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of December, 2016.